**SPENCER, Plaintiff-Appellant, v. MILLER, Defendant-Appellee.**

Ohio Appeals, Second District, Franklin County.

No. 4159.   Decided October 6, 1948.

Russ Bothwell, Columbus, for plaintiff-appellant.
Vorys, Sater, Seymour & Pease, Columbus, for defendant-appellee.

## OPINION

By WISEMAN, PJ.

This is an appeal on law from the judgment of the Common Pleas Court of Franklin County, Ohio, dismissing the plaintiff's action for failure to comply with the Court's order to make his petition definite and certain.

The action of the plaintiff was one for damages arising out of an automobile collision. In his petition, the plaintiff, after alleging acts of negligence, claimed damages as follows: "Fenders, hood, radiator, grill, shell, doors, cowl, body knocked out of line, frame bent, and other small parts too numerous to

mention. The reasonable value of said destroyed parts was and is $250.00"; plaintiff also alleged that his automobile depreciated generally in value to the extent of $100.00.

The defendant moved the Court for an order requiring the plaintiff to make his petition definite and certain by stating the value of the plaintiff's automobile immediately before said accident and the value of the plaintiff's automobile immediately after the accident. This motion was sustained. The plaintiff, excepting to this order and refusing to comply therewith, the action was dismissed.

The plaintiff-appellant contends that the ruling of the Trial Court was erroneous. Counsel in their briefs discuss the proper measure of damages as applied to the evidence introduced upon trial. The question raised does not involve the proper measure of damages, but a fundamental rule of pleading. It is fundamental that the pleader must allege ultimate facts as distinguished from evidential matter. **31 O. Jur. 544.** To require the plaintiff to allege the reasonable market value of his automobile before and after the accident would be to require the plaintiff to plead evidential matter. It is fundamental that general damages need not be specially pleaded but may be recovered under a general allegation of damages. Such damages may be alleged in a lump sum, though the pleader sets out with particularity different items of injuries for which he claims damages. **13 O. Jur, pp. 259, 260; 31 O. Jur. 631.**

The defendant-appellee contends that the judgment of the trial Court dismissing an·action and entering final judgment against the plaintiff for failure to make his petition definite and certain, as ordered by the Court, will not be reversed unless it is clearly shown that the Court abused its discretion. In support of this proposition of law, the case of **Rudd v. City of Akron, 64 Oh Ap 308** is cited. In that case, the reviewing Court found that the order requiring the plaintiff to make his petition definite and certain was proper. No abuse of discretion was shown. In the case at bar, in our judgment, the order of the trial court requiring the plaintiff to make his petition definite and certain was improper. To dismiss the action and enter judgment for the defendant was an abuse of discretion.

Judgment reversed and cause remanded to the trial court for proceedings according to law.

MILLER and HORNBECK, JJ, concur.